Mr. Stewart Bell, Executive Director Board of Hearing Instrument Dispensers 305 North Monroe Little Rock, AR 72205
Dear Mr. Bell:
You have requested an Attorney General opinion concerning Act 592 of 1999, which amended certain statutes pertaining to the Board of Hearing Instrument Dispensers.
Among the most prominent of the changes brought about by Act 592 is a new requirement that prior to applying for licensure, persons seeking to be licensed as hearing instrument dispensers in Arkansas must complete a one-year internship.[1] Another significant change in the law is that applicants for licensure must now have the educational equivalent of two years of accredited college-level course work from an accredited institution (as opposed to the previous requirement of a high school education).
Your questions about Act 592 are the following:
 (1) Regarding A.C.A. § 17-84-304 (as amended by Act 592), do the requirements of the Act 592 of 1999 apply to persons whose applications for licensure were made and accepted but who had failed the licensure examination prior to March 15, 1999, or do the requirements of the law as it existed prior to March 15, 1999, apply to those persons?
 (2) Regarding A.C.A. § 17-84-304(d)(3)(B) (as amended by Act 592), can the Board approve work experience in the industry as a licensed dispenser in another state as the "education equivalent to two (2) years of accredited college-level course work from a regionally accredited college or university"?
 (3) If a person requested an application from the Board prior to March 15, 1999, but the application was not submitted to the Board until on or after March 15, 1999, is that person's application processed under the previous law or under the law as amended by Act 592 of 1999?
 (4) If a person was in the testing process as of March 15, 1999, can that person continue to take the exam up to three times total and be licensed under the old law? If so, and the person fails the exam a total of three times, does that person then reapply under the requirements of the old law or under the requirements of the law as amended by Act 592?
 (5) Does the Board have the authority through rule-making to allow an individual to continue to perform internship functions once the one-year internship that is required by A.C.A. § 17-84-304 has ended if the next scheduled licensure examination is outside the one-year period?
RESPONSE
Question 1 — Regarding A.C.A. § 17-84-304, do the requirements of the Act592 of 1999 apply to persons whose applications for licensure were madeand accepted but who had failed the licensure examination prior to March15, 1999, or do the requirements of the law as it existed prior to March15, 1999, apply to those persons?
It is my opinion that the requirements of Act 592 will apply to the persons you have described. Act 592 contains no provisions that would serve to "grandfather in" persons who had begun the application process prior to the effective date of the act. Because the Act establishes the qualifications for becoming licensed as a dispenser, and because no provision of the Act indicates any legislative intent to allow any class of applicants to be licensed without meeting those established qualifications, I must conclude that persons whose applications were accepted prior to the effective date of the Act, but who did not pass the examination prior to that date must comply with the new requirements imposed by the Act. The Board does not have the discretion to change any of the licensure requirements. This conclusion will, of course, dictate that such persons will be required to complete the one-year internship (or meet one of the alternative requirements, see Footnote 1), and that they will be required to meet the new educational requirements.
Question 2 — Regarding A.C.A. § 17-84-304(d)(3)(B), can the Board approvework experience in the industry as a licensed dispenser in another stateas the "education equivalent to two (2) years of accredited college-levelcourse work from a regionally accredited college or university"?
It is my opinion that the matter of educational equivalencies is within the discretion of the Board to determine.
My conclusion regarding this matter is based in part upon the fact that the specific subject of educational equivalencies is not addressed by statute. Moreover, the statutes governing the Board grant authority that is broad enough to encompass the power to determine the specifics of educational equivalencies. The authority to exercise discretion in such matters is granted, in my opinion, by the rule-making provisions of A.C.A. § 17-84-203(5), and by the provisions of A.C.A. § 17-84-302(11), which grant the Board the authority to "establish the standards of practice for hearing instrument dispensers in the State of Arkansas."
Because the statutes do not address the specifics of educational equivalencies, and because the statutes do grant the Board broad authority to determine specifics, I conclude that the Board has the authority to determine what it will accept as an educational equivalent.
Question 3 — If a person requested an application from the Board prior toMarch 15, 1999, but the application was not submitted to the Board untilon or after March 15, 1999, is that person's application processed underthe previous law or under the law as amended by Act 592 of 1999?
As indicated in response to Question 1, and for the reasons stated therein, it is my opinion that this application must be processed under the requirements of the law as amended by Act 592 of 1999. As noted previously, Act 592 does not contain a "grandfather clause" or any other provision that would allow the Board to apply previous law to any applicant. Accordingly, the applicant whom you have described will be required to comply with the new requirements imposed by Act 592.
Question 4 — If a person was in the testing process as of March 15,1999, can that person continue to take the exam up to three times totaland be licensed under the old law? If so, and the person fails the exam atotal of three times, does that person then reapply under therequirements of the old law or under the requirements of the law asamended by Act 592?
It is my opinion that a person who was in the testing process as of March 15, 1999, can continue to re-take the exam, as allowed by both the old law and the law as amended by Act 592 of 1999. However, this person's licensure must be governed by the provisions of the law as amended by Act 592 of 1999, for the reasons stated in response to Questions 1 and 3. Accordingly, this person will be required to meet the new internship and educational requirements of the new law. Therefore, even if the person passes the examination the first time he takes it after the effective date of the Act, he cannot at that point be licensed under the requirements of the old law. That is, in order to be licensed (after the effective date of the Act), that person must complete the internship and educational requirements of the new law regardless of whether he passed the examination on the first try, or whether he failed the examination three times.
Question 5 — Does the Board have the authority through rule-making toallow an individual to continue to perform internship functions once theone-year internship that is required by A.C.A. § 17-84-304 has ended ifthe next scheduled licensure examination is outside the one-year period?
It is my opinion that the Board does have this authority, under the broad grants of authority that are discussed in response to Question 2, and for the reasons stated therein.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The internship is not necessary if the applicant holds a National Board of Certified Hearing Instrument Sciences Certification, or is registered as a hearing instrument dispenser in good standing in another state whose licensing requirements meet or exceed the licensing requirements of the state of Arkansas, or is a graduate of an American Conference of Audioprosthology program.